UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| CAYLEE CUNNINGHAM<br>23133 Switzer Rd.<br>Brookpark, OH 44142 | )<br>)<br>) | CASE NO.<br><br>JUDGE |
| Plaintiff, | )<br>) | MAGISTRATE JUDGE |
| vs. | )<br>)<br>) | **PLAINTIFF'S COMPLAINT**<br><br>(Jury Demand Endorsed Herein) |
| WINKING LIZARD, INC.<br><br>Serve Statutory Agent:<br>Ann Marie Hawkins<br>1267 W 9th St. Ste. 500<br>Cleveland, OH 44113 | )<br>)<br>)<br>)<br>)<br>)<br>) | |
| Defendant. | | |

Now comes Plaintiff Caylee Cunningham, by and through undersigned counsel, and for her Complaint against Winking Lizard, Inc. ("Defendant"), states and alleges the following:

## INTRODUCTION

1. This is a "collective action" instituted by Plaintiff as a result of Defendant's practices and policies of not paying its tipped, non-exempt employees, including Plaintiff and other similarly situated employees, the applicable minimum wage for all of the hours worked in violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201-219 and the Ohio Minimum Fair Wage Standards Act ("OMFWSA"), R.C. § 4111.14.

## JURISDICTION AND VENUE

2. This Court has jurisdiction over Plaintiff's FLSA claims pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b).

3. The Court has supplemental jurisdiction over Plaintiff's OMFWSA claims pursuant

to 28 U.S.C. § 1367 because the claims are so related to the FLSA claims as to form part of the same case or controversy.

4. Venue is proper pursuant to 28 U.S.C. § 1391(b) because Defendant maintains a physical presence in several locations in Cuyahoga County, conducts business throughout this District and Division, and a substantial part of the events and omissions giving rise to the claims occurred in this District and Division.

### PARTIES

5. At all times relevant herein, Plaintiff was a resident of Cuyahoga County, Ohio.

6. At all times relevant herein, Plaintiff was an employee within the meaning of 29 U.S.C. § 203(e) and R.C. § 4111.03(D)(3).

7. At all times relevant herein, Defendant was a corporation for profit organized and existing under the laws of the State of Ohio.

8. At all times relevant herein, Defendant was an employer within the meaning of 29 U.S.C. § 203(d) and R.C. § 4111.03(D)(2).

9. At all times relevant herein, Defendant was an enterprise within the meaning of 29 U.S.C. § 203(r).

10. At all times relevant herein, Defendant was an enterprise engaged in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. § 203(s)(1).

11. At all times relevant herein, Plaintiff was an employee engaged in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. §§ 206-207.

12. Written consents to join this action as to Count One, as and when executed by other individual plaintiffs, will be filed pursuant to 29 U.S.C. § 216(b).

### FACTUAL ALLEGATIONS

13. Defendant operates at least 15 restaurants throughout Ohio.

14. Defendant employed Plaintiff between approximately June 2018 and August 2020 as a server.

15. Plaintiff received an hourly wage that was less than the minimum wage plus tips.

16. Other similarly situated servers were paid an hourly wage that was less than the minimum wage plus tips.

17. In addition to serving tables, Defendant required Plaintiff and other similarly situated servers to perform the following non-exhaustive list of duties each workweek that were not performed contemporaneously with serving customers: refilling salt/pepper shakers, brewing coffee, cleaning and/or updating physical menus; setting up and/or cleaning tables, bundling silverware, stacking chairs, sweeping the floor, wiping down decorations on the wall, cleaning windows, organizing silverware; taking silverware to and from the dishwasher and assisting in washing silverware.

18. Plaintiff and other similarly situated servers frequently performed these duties between 30 minutes and one hour before and/or after their shifts, which regularly exceeded 20 percent of the employees' time worked during a workweek.

19. In additional to serving tables, Defendant also required Plaintiff and other similarly situated employees to perform tasks unrelated to their tip-producing duties such as cleaning, preparing silverware for the dishwasher and assisting in washing silverware, cleaning decorations on walls, and cleaning windows.

**(Failure to Pay the Minimum Wage)**

20. By requiring Plaintiff and other similarly situated servers to perform non-tipped work unrelated to their tipped occupation (i.e., "dual jobs"), and excessive amounts of non-tipped worked even if related to their tipped occupation, while being paid the sub-minimum tip credit

3

wage rate, Plaintiff and other similarly situated servers were illegally undercompensated for their work.

21. Defendant regularly did not track or record the amount of time the tipped employees spent performing non-tipped work, even though Defendant was capable of doing so.

### (Failure to Keep Accurate Records)

22. Upon information and belief, Defendant failed to make, keep and preserve accurate records of all of the unpaid work performed by Plaintiff and other similarly situated servers.

### (Defendant Willfully Violated the FLSA)

23. Defendant knowingly and willfully engaged in the above-mentioned violations of the FLSA.

## COLLECTIVE ACTION ALLEGATIONS

24. Plaintiff brings this action on her own behalf pursuant to 29 U.S.C. § 216(b), and on behalf of all other persons similarly situated who have been, are being, or will be adversely affected by Defendant's unlawful conduct.

25. The class which Plaintiff seeks to represent under the FLSA and the OMFWSA, and for whom Plaintiff seeks the right to send "opt-in" notices for purposes of the collective action, and of which Plaintiff is herself a member, is composed of and defined as follows:

> All former and current servers employed by Winking Lizard, Inc. at any time between January 7, 2019 and the present.

26. Plaintiff is unable to state at this time the exact size of the potential class, but upon information and belief, avers that it consists of more than one hundred persons.

27. This action is maintainable as an "opt-in" collective action pursuant to 29 U.S.C. § 216(b) as to claims for unpaid minimum wages and overtime compensation, liquidated damages, attorneys' fees and costs under the FLSA. In addition to Plaintiff, numerous current and former

employees are similarly situated with regard to their wages and claims for unpaid wages and damages. Plaintiff is representative of those other employees and are acting on behalf of their interests as well as her own in bringing this action.

28. These similarly situated employees are known to Defendant and are readily identifiable through Defendant's payroll records. These individuals may readily be notified of this action and allowed to opt in pursuant to 29 U.S.C. § 216(b), for the purpose of collectively adjudicating their claims for unpaid overtime compensation, liquidated damages, attorneys' fees and costs under the FLSA.

## **COUNT ONE**
**(Fair Labor Standards Act Violations)**

29. Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

30. Defendant's practice and policy of not paying Plaintiff and other similarly situated servers the minimum wage the hours they worked in a workweek violated the FLSA, 29 U.S.C. § 206.

31. Defendant's practices and policies violated the tip credit provision of the FLSA, 29 U.S.C. §203(m).

32. Defendant's failure to keep records of all of the hours worked each workday and the total hours worked each workweek by Plaintiff and other similarly situated servers violated the FLSA, 29 C.F.R. § 516.2(a)(7).

33. By engaging in the above-described practices and policies, Defendant willfully, knowingly and/or recklessly violated the provisions of the FLSA.

34. As a result of Defendant's practices and policies, Plaintiff and other similarly situated servers have been damaged in that they have not received wages due to them pursuant to the FLSA.

## COUNT TWO
**(OMFWSA Violations)**

35. Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

36. Defendant's practice and policy of not paying Plaintiff and other similarly situated servers the minimum wage for the hours they worked in a workweek violated the OMFWSA, R.C. § 4111.14.

37. Defendant's failure to keep records of all of the hours worked each workday and the total hours worked each workweek by Plaintiff and other similarly situated servers violated the OMFWSA, R.C. § 4111.03.

38. By engaging in the above-described practices and policies, Defendant willfully, knowingly and/or recklessly violated the provisions of the OMFWSA.

39. As a result of Defendant's practices and policies, Plaintiff and other similarly situated servers have been damaged in that they have not received wages due to them pursuant to the OMFWSA.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, and all those similarly situated, collectively pray that this Honorable Court:

A. Issue an order permitting this litigation to proceed as a collective action;

B. Order prompt notice to all class members that this litigation is pending and that they have the right to "opt in" to this litigation pursuant to 29 U.S.C. § 216(b) and R.C. § 4111.14(K);

  C. Award Plaintiff and the class she represents actual damages for unpaid wages;

  D. Award Plaintiff and the class she represents liquidated damages equal in amount to the unpaid wages found due to Plaintiff and the class under the FLSA;

  E. Award Plaintiff and the class she represents liquidated damages calculated as an additional two times the amount of unpaid minimum wages found due to Plaintiff and the class under the OMFWSA;

  F. Award Plaintiff and the class she represents pre- and post-judgment interest at the statutory rate;

  G. Award Plaintiff and the class she represents attorneys' fees, costs, and disbursements; and

  H. Award Plaintiff and the class she represents further and additional relief as this Court deems just and proper.

          Respectfully submitted,

          /s/ David J. Steiner
          David J. Steiner (0075217)
          Anthony J. Lazzaro (0077962)
          The Lazzaro Law Firm, LLC
          The Heritage Bldg., Suite 250
          34555 Chagrin Blvd.
          Moreland Hills, Ohio 44022
          Phone: 216-696-5000
          Facsimile: 216-696-7005
          david@lazzarolawfirm.com
          anthony@lazzarolawfirm.com
          Attorneys for Plaintiff

## JURY DEMAND

Plaintiff demands a trial by jury on all eligible claims and issues.

                                                 /s/ David J. Steiner
                                                One of the Attorneys for Plaintiff